IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| GUILLERMO CARRASQUILLO, | )<br>) No. 2:18 CV 124 |
| Plaintiff, | )<br>) |
| v. | ) Judge<br>) |
| CITY OF OAK CREEK, WISCONSIN,<br>CHIEF OF POLICE STEVEN J.<br>ANDERSON, and DETECTIVE<br>ANN GOLOMBOWSKI, | )<br>)<br>) **JURY DEMAND**<br>) |
| Defendants. | )<br>) |

**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS,
DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND DAMAGES**

Plaintiff Guillermo Carrasquillo, through counsel, complains against the Defendants City of Oak Creek, Wisconsin, Chief of Police Steven J. Anderson and Detective Ann Golombowski as follows:

**Nature of the Case**

1. This is an action pursuant to 42 U.S.C. §1983 and 28 U.S.C. §2201 challenging the constitutionality of the City of Oak Creek's enforcement of §11.36 of its Code of Ordinances (the "Ordinance") against Plaintiff. This Ordinance regulates where and whether individuals who have been convicted of certain sex offenses may live in the City of Oak Creek.

2. According to the text of the Ordinance, the residency restrictions set forth in the Ordinance do not apply to Plaintiff Carrasquillo because he has not been convicted of one of the offenses to which the Ordinance applies. Yet it is the City's policy and practice to apply the Ordinance to all persons who are required to

1

register with the state as sex offenders. Because Plaintiff is required to register, the City seeks to apply the Ordinance to him and has given him notice that he must move out of the home that he owns with his wife by no later than February 21, 2018.

3. Plaintiff contends that the City's application of the Ordinance to him violates his rights under the Fourth Amendment because it unreasonably interferes with his right to possess his property.

4. Plaintiff seeks injunctive relief, declaratory relief, and nominal and compensatory damages for the City's violations of his constitutional rights.

## Jurisdiction and Venue

5. Jurisdiction is proper in this court pursuant to 28 U.S.C. §1331 because this action arises under federal law. Specifically, this case arises under 42 U.S.C. §1983 and alleges violations of the Fourth Amendment to the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as the events giving rise to Plaintiff's claims occurred in the Eastern District of Wisconsin.

7. Declaratory relief is authorized under 28 U.S.C. §2201. A declaration of law is necessary and appropriate to determine the respective rights and duties of parties to this action.

## The Parties

8. Plaintiff Guillermo Carrasquillo is a homeowner who lives with his wife and their four children in a single-family home in Oak Creek, Wisconsin.

9. The City of Oak Creek is a municipal corporation located in Milwaukee

County, Wisconsin. Defendant is governed by an elected Common Council, which, among other things, is empowered to enact ordinances under its home rule authority.

10. Defendant Steven J. Anderson is the Chief of Police for the City of Oak Creek. The City has vested Chief Anderson with final authority concerning the interpretation and enforcement of the City's regulations of where people who are deemed sex offenders are permitted to live. Chief Anderson notified Mr. Carrasquillo in a December 21, 2017, letter that he must vacate his home by no later than February 21, 2018.

11. Defendant Detective Ann Golombowski is the official within the City of Oak Creek police department responsible for enforcement of the Ordinance. She informed Mr. Carrasquillo that he is not permitted to reside at his current address pursuant to the Ordinance in a July 27, 2017 letter and an in-person meeting that occurred shortly thereafter.

**Factual Background**

12. Guillermo Carrasquillo was convicted in 2006 of violation of Wis. Stats. §948.04(1), causing mental harm to a child.

13. Plaintiff was sentenced to 42 months in the Wisconsin Department of Corrections and is required to register as a sex offender until 2025.

14. At the time of his offense, he lived in Milwaukee, Wisconsin. When he was arrested and charged in 2004, he lived in West Allis, Wisconsin.

15. Since his release from prison in 2009, Mr. Carrasquillo has not been arrested or accused of committing any other crime. Plaintiff has been employed for the past four years as a cement finisher for Stark Pavement.

16. Plaintiff resides at 645 E. Marshall Avenue, Oak Creek, Wisconsin 53154. He purchased this single-family home in April 2017 with his wife, Sandy. They reside there with their twin daughters, who are four years old; their son, who is four months old; and Mr. Carrasquillo's step-son, who is nine years old.

17. Sandy is disabled due to emphysema and COPD and unable to work. She often has trouble breathing and suffered a collapsed lung in the recent past. Sandy relies on her husband to perform many childcare and household tasks that she is unable to do because of her illness.

18. On July 27, 2017, Detective Ann Golombowski from the City of Oak Creek sent Mr. Carrasquillo a letter on City of Oak Creek letterhead informing him that he was prohibited from living at his residence pursuant to a local ordinance.

19. After receiving this letter, Mr. Carrasquillo reviewed §11.36 of the City of Oak Creek's Code of Ordinances. He learned that the Ordinance and its residency restrictions do not apply to people who have been convicted of violating Wisc. Stats. §948.04(1) (causing mental harm to a child), the crime of which he was convicted.

20. Shortly after receiving the letter, he made an appointment to meet with Defendant Det. Golombowski to discuss the City's letter.

21. At that meeting, Defendant Golombowski informed Mr. Carrasquillo that the City applies the Ordinance's restrictions to everyone who is required to register as a sex offender.

22. Det. Golombowski told Mr. Carrasquillo that the City will not permit him to live in his home and he will have to sell his house.

23. After this meeting, Mr. Carrasquillo contacted his real estate agent to inquire about selling the house. He learned that after the fees and expenses associated with selling the property, he and Sandy would not be able to recoup their initial investment because they do not have sufficient equity in the property.

24. Sandy and Guillermo have an FHA loan pursuant to which they are prohibited from renting out the property to tenants. The terms of their mortgage require Sandy and Guillermo to reside in the house for at least five years (until 2022) before they are permitted to rent the property to tenants.

25. Guillermo and Sandy do not have any other significant assets. They invested all of their savings into the down payment and closing costs for their home. If they are forced to move out of their house, they will not have sufficient funds to rent or purchase another home.

26. On December 21, 2017, the City's Chief of Police, Defendant Steven J. Anderson sent Mr. Carrasquillo a letter on Oak Creek's official letterhead informing him that he is subject to the Ordinance and must move out by no later than February 21, 2018.

## The Ordinance

27. Section 11.36 of the Code of Ordinances of the City of Oak Creek (titled "Residency Restrictions for Sex Offenders") regulates where and whether individuals who have been convicted of certain sex offenses may live in the City of Oak Creek.

28. The Original Domicile Restriction (§11.36(d)) makes it illegal for anyone subject to the Ordinance to reside in the City of Oak Creek "unless such person was domiciled in the City of Oak Creek at the time of the offense resulting in the person's most recent conviction for committing the sexually violent offense and/or crime against children."

29. The Ordinance defines "residence (reside)" as "the place where a person sleeps, which may include more than one location, and may be mobile or transitory." §11.36(a)(4).

30. The Residency Restriction (§11.36(b)) makes it illegal for a person subject to the Ordinance's restrictions to "reside within 2,000 feet" of the following locations:

- public or private schools;
- group homes;
- residential care centers for children and youth;
- shelter care facilities;
- day-care centers and day care providers;
- public parks and park facilities;
- public swimming pools;
- public libraries;
- recreational trails;
- public playgrounds;
- athletic fields used by children;
- movie theaters;

- specialized schools for children, such as gymnastics academies, dance academies or music schools;
- public or private golf courses or ranges; and
- aquatic facilities open to the public.

31. A person who lives in the City in violation of the Ordinance can be fined up to $1,000 per day. §11.36(g). The Ordinance also provides that the City will institute proceedings to enjoin residency in violation of the Ordinance as a "public nuisance." *Id.*

32. If the Ordinance applied to Mr. Carrasquillo, he would be barred from living in his home pursuant to the Original Domicile restriction (because he lived in Milwaukee at the time of his offense) and the Residency Restrictions (because his home is within 2,000 feet of three different parks).

### The City's Official Policy and Its Liability Pursuant to *Monell*

33. Section 11.36(a) of the Ordinance sets forth a list of offenses (identified by reference to specific sections of the Wisconsin Criminal Code) which it refers to as "sexually violent offenses" and "crimes against children." §11.36(a)(1) and (a)(2).

34. According to the text of the Ordinance, the Residency Restrictions apply only to people who have been convicted of those offenses defined as "sexually violent offenses" and "crimes against children." §§11.36(a)(3) and (b) (defining persons subject to the Residency Restrictions as "a person who has been convicted of or has been found delinquent of or has been found not guilty by reason of disease or mental defect of a sexually violent offense and/or a crime against children.")

35. Notwithstanding the explicit text of the Ordinance, the City applies the Ordinance's Residency Restrictions to any person who is listed on the state's sex

offender registry, regardless of whether the person's offense is listed in the Ordinance.

36. Although Mr. Carrasquillo has not been convicted of one of the offenses defined in the Ordinance as a "sexually violent offense" or a "crime against children," the City still applies the Ordinance's Residency Restrictions to him because he is required to register on the state's sex offender registry.

37. The City has not set forth any basis other than the Ordinance for its order that Mr. Carrasquillo must move.

38. The City's application of the Ordinance's restrictions to all persons who are required to register as sex offenders constitutes the official policy of the City of Oak Creek. This is evidenced by the following facts:

   a. Two officials of the Oak Creek police department (the City's Chief of Police and the Detective in charge of the City's enforcement of sex offender regulations), have told Mr. Carrasquillo that the City applies the Ordinance to him because he is require to register as a sex offender;

   b. The City has sent Mr. Carrasquillo two written notices on official City of Oak Creek letterhead instructing him that he is subject to the Ordinance and must move out of his home; and

   c. Even after Mr. Carrasquillo informed Detective Golombowski that he was convicted of an offense not enumerated in the Ordinance, the City persisted in applying the Ordinance to him and issued a second written order instructing him that he must vacate his home.

39. Accordingly, the City is liable for the misapplication of the Ordinance to Plaintiff pursuant to *Monell v. Dep't of Social Services*, 435 U.S. 658 (1978).

40. Alternatively, even if the misapplication of the Ordinance does not constitute an official policy of the City of Oak Creek, there are two additional bases

on which the City is liable for its police officials' misapplication of the Ordinance to Plaintiff.

   a. Defendant Chief Anderson has been vested with final and unreviewable policymaking authority concerning the interpretation and enforcement of the City's regulations of where people who are deemed sex offenders are permitted to live; and

   b. The City has acted with deliberate indifference in failing to properly train and supervise its enforcement officials concerning the meaning and scope of the Ordinance. The City's failure to provide adequate training and supervision is evident from Detective Golombowski's and Chief Anderson's persistence in applying the Ordinance to Mr. Carrasquillo despite the fact that they are aware he has not been convicted of an offense that makes him subject to the Ordinance's restrictions.

## COUNT I
### 42 U.S.C. §1983 – Fourth Amendment
**(Monell Express Policy Claim Against Defendant City of Oak Creek)**

41. Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation above.

42. The City has an official policy and practice of applying the Ordinance's restrictions to anyone required to register as a sex offender regardless of whether they have been convicted of an offense enumerated in the Ordinance.

43. Pursuant to this official policy, the City, through Defendant Chief Anderson and Defendant Detective Golombowski, has ordered Plaintiff to move out of his home or face legal consequences including fines and having his property declared a "public nuisance."

44. The City's misapplication of the Ordinance to Plaintiff violates his Fourth Amendment rights because it unreasonably interferes with his right to the use and possession of his property.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) issue a preliminary and then permanent injunction prohibiting the City from enforcing of the Ordinance against Plaintiff;

(b) issue a declaratory judgment that states that the City's policy of applying the Ordinance to Plaintiff and others who are not subject to its terms violates the Fourth Amendment;

(c) award nominal and compensatory damages to Plaintiff;

(d) enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

(e) grant Plaintiff any other relief the Court deems appropriate.

## COUNT II
### 42 U.S.C. §1983 – Fourth Amendment
**(Against Defendants Chief Anderson and Detective Golombowski)**

45. Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation above.

46. Defendant Det. Golombowski ordered Plaintiff to move out of his home in a July 27, 2017 letter and a summer 2017 meeting.

47. Defendant Chief Anderson ordered to move out of his home by no later than February 21, 2018, in a December 21, 2017 letter.

48. Neither Detective Golombowski nor Chief Anderson had proper legal authority to order Plaintiff to vacate his home.

49. Defendants' orders violate Plaintiff's Fourth Amendment rights because the unreasonably interfere with his right to the use and possession of his property.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) issue a preliminary and then permanent injunction prohibiting Chief Anderson and Det. Golombowski from enforcing of the Ordinance against Plaintiff;

(b) issue a declaratory judgment that states that Chief Anderson and Det. Golombowski's application of the Ordinance to Plaintiff violates the Fourth Amendment;

(b) award nominal and compensatory damages to Plaintiff;

(c) enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

(d) grant Plaintiff any other relief the Court deems appropriate.

**Plaintiff demands trial by jury.**

Respectfully submitted,

/s/ Adele D. Nicholas
/s/ Mark G. Weinberg
*Counsel for Plaintiff*

Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
847-361-3869